In re FABIUS RIVER DRAINAGE DISTRICT v. JAMES A. SCOTT et al., Appellants.

**In Banc, February 9, 1912.**

1. **DRAINAGE DISTRICT: Prayer for Incorporation: Not Contained in Articles.** It is essential to the validity of the incorporation of a drainage district that there should be a prayer for incorporation when the matter is presented to the court, but it is not essential, under article 1 of chapter 41, Revised Statutes 1909, that the prayer should be embodied in the articles of incorporation. If the article's of association omit the prayer, but they are accompanied by a petition signed by the attorneys for the petitioners containing a prayer that "petitioners be declared a drainage district under and according to the provisions" of said article, and the articles and petition are filed together, the jurisdictional fact exists, and the requirements of the statute (Sec. 5496) are met, and an incorporation of a district in pursuance to such prayer is valid.

2. ————: ————: **Signed by Attorneys.** The articles of association for a drainage district should be signed by the petitioners, but the petition accompanying them may be signed by their attorneys. A petition addressed to the court is properly signed by attorneys. An attorney at law represents his client in court and speaks for him.

Appeal from Marion Circuit Court.—*Hon. W. T. Ragland*, Judge.

AFFIRMED.

*Hays & Heather* for appellants.

(1) The articles of association cannot be aided by the averments of the so-called petition. 16 Ency. Pl. & Pr., 518; Alfter v. Hammitt, 54 Mo. App. 303; R. S. 1909; secs. 1756, 1854, 5496 to 5499; Rohland v. Railroad, 89 Mo. 182. (2) The articles of association should contain a prayer for incorporation. Payson v. People, 175 Ill. 267; Sanner v. Drainage Dist., 175 Ill. 575; Watkins v. Pickering, 92 Ind. 332; Crawford v. Ditching Assn., 44 Ind. 361; Smith v. Ditching Assn.,

54 Ind. 235; Drainage Co. v. Nofsinger, 43 Ind. 566; R. S. 1909, secs. 5496 to 5499; R. S. 1909, sec. 1794; Lakey v. Hoopes, 80 Mo. App. 510. (3) The trial court had no jurisdiction of the subject-matter of the action or proceeding. Ellis v. Railroad, 51 Mo. 203; Eaton v. County of St. Charles, 76 Mo. 492; Whitely v. Platte County, 73 Mo. 30; Railroad v. Young, 96 Mo. 42; Carter v. Arbuthnot, 62 Mo. 583; Rohland v. Railroad, 89 Mo. 182.

*Schofield & Plowman* and *F. L. Schofield* for respondents.

The articles of association filed herein, contain all the requirements of the statutes. R. S. 1909, sec. 5496; Laws 1911, p. 206; Land & Stock Co. v. Miller, 170 Mo. 240; Drainage Dist. v. Railroad, 139 S. W. 330.

VALLIANT, C. J.—This is an appeal from a decree of the circuit court of Marion county incorporating the Fabius River Drainage District. The proceeding to organize the district is under article 1, chapter 41, Revised Statutes 1909. The articles of association were signed by a majority in interest of the owners of the land to be embraced in the district and they conformed in all respects to the requirements of section 5496 of the article above named, unless they were defective in one respect pointed out by appellants, that is, they did not contain a prayer for incorporation under that statute. The articles of association, however, were presented to the court, accompanied with a petition of the parties thereto, which referred to the articles of association as filed therewith and concluded as follows: "Wherefore your petitioners pray that they be declared a Drainage District under and according to the provisions of article 1, chapter 41, of the Revised Statutes of Missouri

1909," signed, "Schofield and Plowman, attorneys for the above named petitioners."

The articles of association and petition were filed together and at the same time.

The only point assigned as error by appellants is that the prayer for incorporation was not included in the articles of association, and this, appellants think, is a jurisdictional fact, which renders the whole proceedings null and void. The argument of appellants is that such a proceeding, being authorized only by statute and being an invasion of appellants' common-law rights, cannot be made effective unless it conforms strictly to the statute. That argument invokes a sound principle of law, but that principle is not violated in this record. Section 5496, Revised Statutes 1909, does not literally require that the prayer for incorporation be included in the articles of association. The requirements specified are, the name of the district, the number of years it is to continue, its limits not less than 640 acres, names and places of residence of owners of the land in the district, description of the land owned by each, the owners unknown to be so stated, and that the petitioners are willing to pay the taxes to be assessed against their land to pay the expenses incident to the organization and for the improvements necessary to effect the drainage and reclaim the land. Those are all the requirements specified, and all those the articles of association in this case contained. The statute then goes on to say: "And after said articles of association shall be signed, the same shall be filed in the office of the clerk of the circuit court of the county in which the drainage district is located, . . . praying that they may be declared a drainage district under this article." The syntax is not beyond criticism, but the meaning is discernible. The meaning is that after the parties desiring to be incorporated have signed the articles of association

240 Sup.—3

they shall file the same in the office of the clerk of the circuit court "praying that they may be declared a drainage district." It is essential that there should be a prayer for incorporation, but it is not essential that the prayer should be embodied in the articles of association. A prayer for incorporation would be an unusual feature in articles of association, and is not ordinarily, if ever, required. Articles of association constitute one essential in the formation of a corporation and an application for the charter another. This distinction is observed in section 3432, Revised Statutes 1909, in relation to the formation of corporations under article 10 of chapter 41, wherein it is provided that the parties desiring to be incorporated shall submit to the court "the articles of association with the petition praying for a *pro forma* decree thereon."

We do not say, in view of the somewhat uncertain form of expression used in this section 5496, that the prayer for incorporation should not be inserted in the articles of association, but we do say that it is sufficient if, as in this case, it is contained in a petition accompanying the articles of association and presented to the court at the same time.

It is objected that this petition is signed by the attorneys for the petitioners and not by their own hands. The petition which is addressed to the court is properly signed by the attorneys. An attorney at law represents his client in court and speaks for him. The articles of association are signed by the parties themselves and that is right, and that is all that the statute requires.

We find no error in the record. The judgment is affirmed. All concur.